Filed 5/6/15  P. v. Washington CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B258641 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA051163) |
| v. | |
| TRACY BERNARD WASHINGTON, | |
| Defendant and Appellant. | |

THE COURT:*

Appellant Tracy Bernard Washington was convicted of making criminal threats. (Pen. Code, § 422.)[1]  Because he was also found to have four prior "strike" and serious felony convictions, he was sentenced under the Three Strikes law to prison for 25 years to life, plus four 5-year enhancements under section 667, subdivision (a).  His conviction was affirmed on appeal in B163956 on March 16, 2004.

On March 18, 2014, appellant filed a petition for the recall of sentence under section 1170.126.  The trial court appointed the Post-Conviction Assistance Center to represent appellant in his petition for the recall of the sentence.

---

\*      BOREN, P.J.        ASHMANN-GERST, J.        HOFFSTADT, J.

1      All further statutory references are to the Penal Code.

On July 11, 2014, the trial court entered an order finding that appellant's conviction for criminal threats is a serious felony under subdivision (c)(38) of section 1192.7 and ruled that this made appellant ineligible for a recall of his sentence under section 1170.126. The court denied appellant's application with prejudice. Appellant filed a timely notice of appeal from this order.

We appointed counsel to represent appellant in his appeal. On January 9, 2015, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, in which counsel requested that we independently review the record for error. Appellant was notified that counsel had filed a brief under *People v. Wende*, and was informed that he had the right to file a supplemental brief in his own name.

Appellant filed a supplemental brief in which he contends that the making of criminal threats could also be charged as a misdemeanor. His brief concedes, however, that he was charged with the felony offense of making criminal threats. Subdivision (c)(38) of section 1192.7 only provides that criminal threats in violation of section 422 constitute a serious felony. The fact that this offense could also be charged as a misdemeanor is immaterial.

We are satisfied that counsel has discharged his duties. Our independent review of the record discloses no arguable issues which could be raised on appeal.

The judgment is affirmed.